UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FACEBOOK, )<br>)<br>Defendant. ) | No. 4:20 CV 1924 MTS |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a civil complaint filed by Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). For the reasons explained below, Plaintiff will be given leave to proceed *in forma pauperis*, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

When Plaintiff initiated this action, he did not file a separate motion for leave to proceed *in forma pauperis*. The Court takes judicial notice of the fact that Plaintiff has filed over one hundred and twenty (120) civil rights cases in this Court since September of 2020.  In many of these cases Plaintiff did not include a separate motion for leave to proceed without prepayment of the filing fee.  Rather, within the complaint, he states: "Application to Proceed in District Court without prepaying Fees [and] Costs. I am in ERDCC only get $5.00 Dollars a month." Doc. [1] ¶ 2. Liberally construed, Plaintiff can be understood to ask the Court to grant him leave to commence this action without prepayment of the required filing fee.

Plaintiff filed a certified inmate account statement for the relevant period in another case he had pending in the Eastern District of Missouri: *see* docket entry at Doc. [11] filed on January 8, 2021, in *Engel v. Corizon, et al.*, 4:20 CV 1695 NAB (E.D. Mo. filed Nov. 30, 2020). As such, the Court will reference that account statement to calculate Plaintiff's initial partial filing fee here.

A review of Plaintiff's account statement in the *Engel v. Corizon, et al.* case indicates an average monthly deposit of $28.11 and an average monthly balance of $0.04.   The Court therefore finds Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.62, which is 20 percent of Plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490

2

U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may also consider the Plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The Plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether Plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

3

## The Complaint

Plaintiff, who identifies himself as a sovereign citizen, brings this action pursuant to 42 U.S.C. § 1983 against Facebook. Plaintiff prepared the complaint on two sheets of notebook paper following the format of this Court's Prisoner Civil Rights Complaint form. Plaintiff's allegations are stated in full as follows:

> Allowing people to Hack my Facebook send massages [sic] under my name posting and stealing my Facebook accounts posting pics in 411 for Jeff Co and on just [F]acebook that was not me. And as for my cousin Tommy Tisher they let people put False paperwork saying he was a snitch. But he is not it was a lie. Point is the people we are and people we know it could get us hurt it has almost got me killed and Tommy too.

ECF No. 1 at 1.

In the "Injuries" section of the complaint, Plaintiff lists the following: "1st Admentments [sic] Rights, Civil Liberety [sic] Rights, Health, Mental Health, PTSD." *Id.* For relief, Plaintiff seeks "500 Trillion Dollars" and "1,000,000,000 stocks for [him] and Tommy Tisher in Top USA, Russia, China, Jap[a]n, Germ[a]ny, Franc[e], It[a]ly, Ir[e]land, Kor[e]a, Mexico, Cuba, Top World Banks, Top USA Banks." *Id.* Plaintiff additionally seeks "3 million 200 shares in Facebook," "100 million dollars" from "Aryan Circle," "1 million dollars" from "Wayne Summers," "100 million dollars" from "Church[e]s in Missouri," and "50 million dollars" from food pantries and homeless shelters. *Id.* at 2.

## Discussion

Plaintiff's complaint is legally frivolous because defendant Facebook cannot be sued under § 1983. Plaintiff's allegation that Facebook allowed people to hack his account does not state a § 1983 claim because Facebook is a private company, not a state actor. To state a claim under § 1983, a Plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting

4

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Facebook is not a person acting under color of state law.

Additionally, to the extent Plaintiff seeks to sue Facebook on behalf of his cousin, Tommy Tisher, such a claim also fails.[1] A non-attorney self-represented litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Furthermore, it also appears the complaint is subject to dismissal because it is factually frivolous as described in *Denton v. Hernandez*. Plaintiff bizarrely alleges he is entitled to recover "500 trillion dollars" and "1,000,000,000 stocks" from "top world banks" of eleven countries for allegedly getting his social media account hacked. Considered as a whole, Plaintiff's allegations and prayer for relief are "clearly baseless" under the standard articulated in *Denton v. Hernandez*, 504 U.S. at 32-33, and the complaint is subject to dismissal for this reason, as well.

Since filing this action, Plaintiff has filed over 120 other complaints in this Court alleging that his civil rights have been violated by private defendants or state and local entities and officials. Many of Plaintiff's complaints are duplicative as they contain the same defendants and claims. Plaintiff is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a prisoner

---

[1] Plaintiff has filed other complaints in this Court attempting to assert allegations on the behalf of others, which have been dismissed. *See e.g.*, *Engel v. MDOC, et al.*, 4:20-cv-1430-AGF (E.D.Mo. Oct. 1, 2020); *Engel v. CO1, et al.*, 4:20-cv-1923-HEA (E.D.Mo. Dec. 28, 2020); and *Engel v. St. Louis Sheriff's Dept., et al.*, 4:20-cv-1639-NCC (E.D.Mo. Nov. 19, 2020).

who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). *See Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Having considered Plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint and other civil complaints, the Court concludes that it would be futile to permit Plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. [1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $5.62 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 15th day of January, 2021.

                                        MATTHEW T. SCHELP
                                        UNITED STATES DISTRICT JUDGE